932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marty PHILLIPS, Plaintiff-Appellee,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Robert Brown, Jr.,
Director, Darryl Opicka, D.O., R.C.F., Craig Hutchinson,
M.D., Medical Director, R.C.F., Lynn A. Green, M.D., Deputy
Medical Director, M.D.O.C., Defendants-Appellants.
 No. 90-1289.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marty Phillips is a prisoner at the Riverside Correctional Facility in Ionia, Michigan. Phillips filed a complaint in September 1988 pursuant to 42 U.S.C. Sec. 1983 alleging that the defendant Michigan Department of Corrections was deliberately indifferent to her serious medical needs. Phillips sought a preliminary injunction. The district court heard testimony and granted Phillips' motion for a preliminary injunction and ordered the defendant to provide Phillips with 2.5 mg per day of the estrogen drug Premarin. Defendant appeals the district court's decision granting Phillips a preliminary injunction.
 
 
 2
 The facts of this case were aptly stated in the district court's published opinion. See Marty Phillips v. Michigan Dep't of Corrections, 731 F.Supp. 792 (W.D.Mich.1990). We feel no need to reiterate them again at this time. We are called upon in this case to judge the propriety of the district court's decision granting a preliminary injunction in favor of Phillips. In doing so, our role is very limited; we will only disturb a district court's decision granting or denying a preliminary injunction for an abuse of discretion. NAACP v. City of Mansfield, 866 F.2d 162, 166 (6th Cir.1989). We find no such abuse of discretion in this case, thus, the decision of the district court is affirmed.
 
 
 3
 We note that there is a strong likelihood that this case is now moot, or will become moot in the very near future. Phillips' underlying conviction was reversed by the Michigan Court of Appeals. The Michigan Supreme Court has recently denied the state's application for leave to appeal this decision. People v. Phillips, 437 Mich. 893 (1991), motion for reconsideration denied, No. 87355 (Mich. March 29, 1991). Presumably, Phillips will be transferred out of the custody of the Michigan Department of Corrections and into the custody of a Michigan trial court to await a new trial. This transfer, of course, will eliminate the controversy between the parties. However, because we have not been notified as to exact date of this transfer, we feel that fairness dictates that we render a decision.
 
 
 4
 Therefore, the decision of the district court granting Phillips a preliminary injunction is affirmed.